## SLEZAK et al. v. ANDREWS et al.

### No. 1010.

District Court, D. Delaware.

Sept. 24, 1936.

William G. Mahaffy and Herbert L. Cohen, both of Wilmington, Del., and John D. Morgan and George Finnegan, Jr. (of Morgan, Finnegan & Durham), both of New York City, for plaintiffs.

E. Ennalls Berl (of Ward & Gray), of Wilmington, Del., and George L. Schein and Joseph M. Cohen, both of New York City, for defendants.

NIELDS, District Judge.

Motion for preliminary injunction.

March 27, 1933, Vincent F. Slezak and American Ticket Scale Company, owners of certain Slezak United States patents and applications for patents relating to penny weighing machines, filed their bill of complaint against Archie M. Andrews, International Ticket Scale Corporation, and Dictograph Products Co., Inc. The bill avers that on June 16, 1928, plaintiffs granted an assignable exclusive license under the Slezak patents to Andrews. October 15, 1928, this license was assigned by Andrews to International Ticket Scale Corporation. The license provided, among other things: (1) That the licensee should pay a royalty upon the machines sold or leased; (2) should pay a minimum annual royalty for the United States of $10,000 per year for a period of five years; (3) that statements of royalties should be made quarter-annually, the royalties to be computed upon agreed statements from the books of International furnished to Slezak; (4) that any infringement suit brought against machines manufactured under the license should be defended at the expense of Slezak and by counsel acceptable to International, and if unable to agree upon counsel, each should supply his own counsel at his own expense; and (5) that in case any machines manufactured under the license were finally held to infringe other patents, Slezak should be liable to International for damages to the amount of all royalties received from International plus reasonable expenses and counsel fees and the license should be annulled ipso facto.

The license agreement contains this provision: "25. It is further agreed that in the event that there shall be any default on the part of the purchaser or his assigns * * * then the inventor and/or the company may serve a thirty (30) days' notice and demand for a statement embracing the number of machines manufactured, sold and delivered and the amount of royalties due thereon, * * * then the purchaser and his assigns shall have thirty days' (30) time from and after the date of the receipt of such notice and demand by registered mail within which to furnish such statement and make payment of any such royalties due and unpaid and on failure of the purchaser or his assigns to furnish such statement and make such payment within the time prescribed, the inventor and/or company may forthwith enter judgment for all royalties that may be found to be due and unpaid, and in addition thereto, shall have the right to apply for and secure an injunction restraining the manufacture, sale and delivery of any machines containing any of the patents herein described until such statement has been furnished and payment with interest from this due date has been duly and fully made. * * * *"

The bill also avers that no United States royalties have been paid by International since July 16, 1929, such defaulted royalties with interest amounting to $70,000. Prayers of the bill are for judgment against defendants for the minimum royalties remaining due and unpaid, a preliminary injunction restraining the manufacture, sale, and delivery by defendants of any machines containing the inventions of Slezak enumerated in the license agreement and for an accounting of all royalties that may be shown to be due over and above the minimum royalties.

The answer of International denies all material averments of the bill and alleges by way of counterclaim that International has suffered damages on account of plaintiffs' breach of the license in failing to pay the expenses of defending certain infringement litigation brought against International and in failing to pay sums paid by International in compromising infringement claims, the amount of such damages being in excess of the amount of any royalties that may be due plaintiffs under the license.

October 26, 1935, nearly three years after the filing of the bill, plaintiffs moved for a preliminary injunction against International. Aside from the allegations of the bill, plaintiffs' claim to this extraordinary relief is based upon statements on information and belief in an affidavit by Slezak. In his affidavit Slezak deposes that International is at present engaged in negotiations with S. S. Kresge Company looking to a contract to place some 2,000 of plaintiffs' ticket scale machines in the stores of the chain of S. S. Kresge Company; that such contract is about to be consummated and International "will thereupon undertake to manufacture and install such machines, which machines will be covered by the license agreement of June 16, 1928"; and that if International is not now restrained from performing the proposed contract with S. S. Kresge Company an injunction obtained, under paragraph 25 of the license agreement, after delivery of the machines

to S. S. Kresge Company would be ineffectual because the machines so installed would be immune from such injunction and the machines would be operated at great profit to defendants.

Fitzgerald, president of International, in his affidavit specifically denies that a contract between International and S. S. Kresge Company is about to be signed, and denies that International is about to place 2,000 ticket scale machines in the stores of that chain. He further deposes that International is financially responsible and fully able to respond to any judgment or decree of this court for damages suffered by plaintiffs. This is not denied by plaintiffs.

A determination of the relative rights of the parties should not be made upon conflicting affidavits in the absence of compelling necessity. This case has been at issue for many months, and a final hearing may be had without delay. The delay in applying for a preliminary injunction bars the right to such interlocutory relief.

An examination of the pleadings, affidavits, and briefs convinces me of the impropriety of issuing a preliminary injunction.

The motion must be denied.